FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 10 2018

JAMES W. McCORMACK, CLERK
By: _____
            DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Western Division

NINA RODGERS

    PLAINTIFF

v.   CASE NUMBER: 4:18-cv-314-JM

NORTH LITTLE ROCK SCHOOL
DISTRICT; ROBERT DONALDSON;
and MICHAEL STONE

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

    DEFENDANTS

## COMPLAINT

**COMES NOW** Plaintiff Nina Rodgers, by and through her attorney, Andrew Payne Norwood of Denton & Zachary, PLLC, and for her Complaint against the North Little Rock School District, Robert Donaldson, and Michael Stone states as follows:

### I.  NATURE OF THE CASE

1. This is an action for sexual harassment and interference with Plaintiff's rights under the Arkansas Civil Rights Act of 1993 (Ark. Code Ann. § 16–123–107) [Hereinafter "ACRA"], Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*) [Hereinafter "Title VII"], and 42 U.S.C. § 1981 occurring in North Little Rock, Arkansas.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, 1367.

3. This action is authorized and instituted pursuant to Title VII and 42 U.S.C. §1981.

4. The unlawful employment practices alleged were committed in substantial part within the jurisdiction of the United States District Court for the Eastern District of Arkansas – namely North Little Rock, Arkansas – and venue is therefore proper in this Honorable Court.

### III. PARTIES

5. Plaintiff Nina Rodgers is a female citizen of the State of Arkansas, with her physical address located in Saline County, Arkansas, is employed by Separate Defendant NLRSD, and is an employee or person within the meaning of Title VII and the ACRA. Plaintiff began working at NLRSD approximately seven years ago as a bus driver.

6. Separate Defendant North Little Rock School District [Hereinafter "NLRSD"] is a school district organized and existing under the laws of the State of Arkansas, with its principal address being located at 2700 North Poplar Street, North Little Rock, Arkansas 72114, which is within the Eastern District of Arkansas.

7. Separate Defendant Robert Donaldson is a male employee of Separate Defendant NLRSD, where he is employed as the Director of Transportation for NLRSD, and upon information and belief Separate Defendant Robert Donaldson is an individual residing in the Eastern District of Arkansas. Separate Defendant Robert Donaldson is Plaintiff's direct supervisor at NLRSD.

8. Separate Defendant Michael Stone is a male employee of Separate Defendant NLRSD, where he is employed as the Executive Director of Student and Equity Services for NLRSD, and upon information and belief Separate Defendant Michael Stone is an individual residing in the Eastern District of Arkansas. Separate Defendant Michael Stone is Separate Defendant Robert Donaldson's direct supervisor at NLRSD.

### IV. STATEMENT OF CLAIMS

9. At the beginning of the 2017-2018 school year, Plaintiff was assigned a bus route for which she was paid less than the six hours per day necessary to entitle Plaintiff to benefits, even though Plaintiff was working well over six hours per day for NLRSD.

10. On or about August 22, 2017, Plaintiff met with Michael Stone to express her concerns over her working hours not being true reflection of the amount of time Plaintiff was working for NLRSD. However, Michael Stone did not adjust Plaintiff's hours as requested by Plaintiff to reflect Plaintiff's true working hours.

11. At some point after Plaintiff's August 22, 2017 meeting with Michael Stone, Plaintiff expressed the same concerns to Karli Saracini, who is the head of Human Resources for NLRSD and one of Michael Stone's superiors, and Ms. Saracini rectified the situation, which included Plaintiff being paid retroactively for the correct number of hours Plaintiff worked since the beginning of the 2017-2018 school year and properly restored Plaintiff's employment related benefits to which Plaintiff was rightfully entitled.

12. At some point after Plaintiff's August 22, 2017 meeting with Michael Stone, Plaintiff's name was brought up during a conversation between Robert Donaldson and two other NLRSD employees, Richard Walker and Kimberly Wilson, related to Plaintiff's payment of past due wages, and Robert Donaldson noted something to the effect that Plaintiff's problem was "Nina just needs some dick."

13. Upon information and belief this is not the first time Robert Donaldson has made vulgar and obscene comments towards female NLRSD employees.

14. Upon information and belief Michael Stone stated to fellow NLRSD employees he did not think Robert Donaldson should be disciplined for his vulgar and obscene behavior because

these types of comments are just part of male African American culture and were not meant in a sexual nature.

15. On or about October 25, 2017, Plaintiff filed a charge of discrimination with the Equal Opportunity Commission [Hereinafter "EEOC"] against the NLRSD alleging sexual harassment.

16. During the EEOC investigation, Robert Donaldson's vulgar sexual comment related to Plaintiff was corroborated by both Richard Walker and Kimberly Wilson.

17. On February 12, 2018, Plaintiff was issued a "Notice of Right to Sue" by the EEOC. *See* Notice of Right to Sue, attached hereto as **Exhibit A**.

## V. CLAIMS FOR RELIEF

*Count 1.  Violation of 42 U.S.C. § 2000 et seq.*

18. Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

19. NLRSD engaged in unlawful employment practices in violation of 42 U.S.C. § 2000 *et seq*.

20. Defendants were directly responsible for NLRSD policies, supervision, hiring, training, retention, and the implementation of job duties responsibilities for NLRSD.

21. NLRSD lacked policy, training, supervision and oversight over employment policies, including administration, training, implementation, supervision and oversight of Separate Defendants Robert Donaldson and Michael Stone.

22. NLRSD employees, including Separate Defendants Robert Donaldson and Michael Stone, have subjective discretion and ability to conduct employment in an uncontrolled, unsupervised setting where violations of Federal law could exist.

23. Defendants, through the lack of accountability and subjective employment decision-making of Separate Defendants Robert Donaldson and Michael Stone, acting-in-concert, directly and affirmatively ratified, endorsed, aided, and abetted, furthered, promoted, and affirmed by NLRSD, directly created, sustained, and nurtured a work environment and corporate work culture, which embraced behavior resulting in grossly immoral, wrongful, and unlawful conduct by its employees, including Separate Defendants Robert Donaldson and Michael Stone.

24. Plaintiff was subjected to sexual harassment and a sexually hostile and offensive work environment while working for NLRSD, which include (but are not limited to) unwelcome sexual comments related to herself and others and humiliation.

25. NLRSD is liable for harm caused by the sexual harassment and the hostile and offensive work environment because of the actions of its employees', namely Robert Donaldson and Michael Stone, failure and refusal to take prompt and appropriate action to prevent, correct, and protect its female employees from the harassment and the hostile environment.

26. The unlawful actions complained of in this Complaint were intentional.

27. The unlawful actions complained of in this Complaint were done with malice or with reckless indifference to the protected rights of Plaintiff, as guaranteed under Federal law.

28. Plaintiff belongs to the class of persons protected by Federal law, which prevents employers from subjecting its employees to unlawful, grossly immoral, and wrongful behavior as part of the employee's job duties and responsibilities to further Defendants' business interest.

29. Defendants owed an *absolute duty*, including a non-delegable duty, to the Plaintiff to provide an employment setting, which did not require Plaintiff to be subjected to unlawful, grossly immoral, wrongful conduct as a condition of employment and in order to satisfy her job duties and responsibilities.

30.     This duty imposed by Federal law on all employers, is a matter of public policy, in order to implement the fundamental public policy embodied in Federal law and the United States Constitution. Simply, this long-established duty is that an employer cannot require, suggest, or invite an employee to trade or prostitute herself to benefit or to further the business interest of the company.

31.     NLRSD, through the lack of accountability and subjective employment decision-making of Separate Defendants Robert Donaldson and Michael Stone, endorsed, ratified, promoted, and cultivated a culture at NLRSD, which caused female employees to be subject to unlawful, grossly immoral, and wrongful conduct, including violations of Federal public policy during employment.

32.     Defendants have an affirmative duty, as employers of citizens of the United States of America, to supervise, train, oversee employees, and refrain from subjecting employees to unlawful, grossly immoral, and wrongful conduct, including violations of public policy during employment.

33.     As a direct and proximate result of being subjected sexual harassment and adverse, material, negative employment actions, including grossly immoral, unlawful, and wrongful conduct and behavior, Plaintiff experienced damages in the employment workplace.

34.     Plaintiff seeks *inter alia* injunctive relief, restitution, compensatory damages, actual damages, special damages, consequential damages, mental anguish, pain and suffering, embarrassment, humiliation, loss of prospective earnings, equitable relief, costs, pre- and post-judgment interest and attorney's fees, and all other available damages in Federal law or equity.

*Count 2.     Violation of Arkansas Civil Rights Act of 1993*

35.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

36.     NLRSD engaged in unlawful employment practices in violation of the Arkansas Civil Rights Act of 1993, more specially Ark. Code Ann. § 16–123–107.

37.     Defendants were directly responsible for NLRSD policies, supervision, hiring, training, retention and the implementation of job duties responsibilities for NLRSD.

38.     NLRSD lacked policy, training, supervision, and oversight over employment policies, including administration, training, implementation, supervision, and oversight by Separate Defendants Robert Donaldson and Michael Stone.

39.     NLRSD employees, including Separate Defendants Robert Donaldson and Michael Stone, have subjective discretion and ability to conduct employment in an uncontrolled, unsupervised setting where violations of Arkansas law could exist.

40.     Defendants, through the lack of accountability and subjective employment decision-making of Separate Defendants Robert Donaldson and Michael Stone, acting-in-concert, directly, and affirmatively ratified, endorsed, aided, and abetted, furthered, promoted, and affirmed by NLRSD, directly created, sustained, and nurtured a work environment and corporate work culture, which embraced behavior resulting in grossly immoral, wrongful, and unlawful conduct by its employees, including Separate Defendants Robert Donaldson and Michael Stone.

41.     Plaintiff was subjected to sexual harassment and a sexually hostile and offensive work environment while working for NLRSD, which include (but are not limited to) unwelcome sexual comments related to herself and others and humiliation.

42. NLRSD is liable for harm caused by the harassment and the hostile and offensive work environment because of the actions of its employees, namely Robert Donaldson and Michael Stone, because of its failure and refusal to take prompt and appropriate action to prevent, correct, and protect its female employees from the harassment and the hostile environment.

43. The unlawful actions complained of in this Complaint were intentional.

44. The unlawful actions complained of in this Complaint were done with malice or with reckless indifference to the protected rights of Plaintiff, as guaranteed by Arkansas law.

45. Plaintiff belongs to the class of persons protected by Arkansas law, which prevents employers from subjecting its employees to unlawful, grossly immoral, and wrongful behavior as part of the employee's job duties and responsibilities to further Defendants' business interest.

46. Defendants owed an *absolute duty*, including a non-delegable duty, to the Plaintiff to provide an employment setting, which did not require Plaintiff to be subjected to unlawful, grossly immoral, wrongful conduct as a condition of employment and in order to satisfy her job duties and responsibilities.

47. This duty imposed by Arkansas law on all employers, is a matter of public policy, in order to implement the fundamental public policy embodied in Arkansas state law and the Arkansas Constitution. Simply, the duty long-established in Arkansas is that an employer cannot require, suggest, or invite an employee to prostitute herself to benefit or to further the business interest of the company.

48. NLRSD, through the lack of accountability and subjective employment decision-making of Separate Defendants Robert Donaldson and Michael Stone, endorsed, ratified, promoted, and cultivated a culture at NLRSD, which caused female employees to be subject to

unlawful, grossly immoral, and wrongful conduct, including violations of Arkansas public policy during employment.

49.     Defendants have an affirmative duty, as employers of citizens in Arkansas, to supervise, train, oversee employees and refrain from subjecting employees to unlawful, grossly immoral, and wrongful conduct, including violations of Arkansas public policy during employment.

50.     As a direct and proximate result of being subjected to gender and sexual harassment and adverse, material, negative employment actions, including grossly immoral, unlawful, and wrongful conduct and behavior, Plaintiff experienced damages in the employment workplace.

51.     Plaintiff seeks *inter alia* injunctive relief, restitution, compensatory damages, actual damages, special damages, consequential damages, mental anguish, pain and suffering, embarrassment, humiliation, loss of prospective earnings, equitable relief, costs, pre- and post-judgment interest and attorney's fees, and all other available damages in Arkansas law or equity.

*Count 3.*      *Tort of Outrage (Willful & Wanton Infliction of Emotional Distress)*

52.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

53.     The Defendants Robert Donaldson and Michael Stone, acting personally, individually, and through their employer NLRSD, as the direct tortfeasors and direct supervisors of Plaintiff, at the heart of the unlawful conduct, directly, affirmatively, knowingly, consciously, willfully, and wantonly acted-in-concert, engaged in and perpetuated unlawful, grossly immoral, and wrongful conduct directly toward and against the Plaintiff, in order to humiliate and demoralize Plaintiff's job duties and responsibilities and committed such conduct for the sole

purpose of directing willful infliction of emotional stress, anguish, and turmoil upon Plaintiff for her upholding moral integrity, which violated the public policy of the State of Arkansas.

54. The Defendants acted-in-concert, engaged in and perpetuated behavior, which was intentional, willful, wanton, reckless, unlawful, grossly immoral, and wrongful, which was intended, or which all Defendants knew, or should have known, would place the Plaintiff in a very difficult position (including creating a hostile working environment) and would inflict upon her emotional distress, anguish, humiliation, embarrassment, and anxiety in the employment setting in Arkansas.

55. As a direct and proximate cause of Defendants' intentional or willful or wanton infliction of emotional distress, the Plaintiff has sustained damages for which she seeks compensation.

56. Plaintiff seeks *inter alia* injunctive relief, restitution, compensatory damages, actual damages, special damages, consequential damages, mental anguish, pain and suffering, embarrassment, humiliation, loss of prospective earnings, equitable relief, costs, pre- and post-judgment interest and attorney's fees, and all other available damages in Arkansas law or equity.

## VI.   CAUSATION

57. Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

58. As a direct and proximate result of the tortious acts and/or omissions, wrongful, immoral, and unlawful conduct as alleged herein, Plaintiff suffered injuries and damages as set forth herein, for which she is entitled to compensation and restitution.

## VII. DAMAGES

59. Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

60. Plaintiff is entitled to the following measures of damage:

    a. The nature, extent, duration, and permanency of injuries;

    b. The full extent of the injuries sustained;

    c. Past, present, and future medical expenses and bills incurred for treatment of mental anguish, emotional harm, emotional scarring, humiliation, pain, suffering, and embarrassment, depression, anxiety, loss of vigor, loss-of-esteem, and confident;

    d. Business and employment impairment, loss of enjoyment of life, capacity and ability to enjoy her employment;

    e. The value of any earnings, profits, or salary that will be lost in the future, including ability to earn and earning capacity;

    f. Business and employment loss, including opportunity loss, special, statutory, and consequential damages;

    g. Business and personal reputation damage, good will and harm;

    h. Restitution;

    i. All actual damages sustained; and

    j. All other damages permitted by law.

61. The injuries and damages described herein either have been suffered in the past, in the present, and/or will be suffered in the future.

## VIII. PUNITIVE DAMAGES

62. Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

63. Plaintiff seeks punitive damages for Defendants' reckless, willful, wanton, malicious, knowing, and intentional acts and omissions. Defendants acted in a reckless, malicious, or deliberate manner with conscious and deliberate disregard to Plaintiff and the public policy of Arkansas, for Defendants' grossly immoral, unlawful, and wrongful acts committed in the State of Arkansas, from which malice may be inferred.

64. Defendants knew or should have known that this grossly immoral, unlawful, and wrongful conduct would naturally and probably result in damage to the Plaintiff. However, despite this knowledge, Defendants continued such conduct under circumstances in conscious or deliberate disregard of the consequences to Plaintiff, from which malice may be inferred.

65. Punitive or exemplary damages are needed to punish Defendants and deter them and others from similar conduct in employment in the State of Arkansas.

## IX. JURY TRIAL DEMAND AND PRAYER FOR RELIEF

66. Plaintiff requests a jury trial on all issues herein.

67. Plaintiff reserves her right to amend her Complaint to conform to proof.

68. Plaintiff reserves the right to file additional and supplemental pleadings after further investigation and discovery and additional facts are ascertained, including adding additional facts and alleging or re-asserting causes of action to provide Plaintiff a remedy for the unlawful activities alleged herein.

WHEREFORE, premises considered, Plaintiff hereby prays and demands for the following:

A. For judgment and verdict against Defendants awarding actual, special, compensatory, statutory and consequential damages against Defendants, jointly and severally, in excess of the amount required for diversity jurisdiction;

B. For judgment and verdict against Defendants awarding actual damages as permitted by law;

C. For injunctive relief to enjoin the wrongful and unlawful practices complained of herein;

D. For damages where permitted by law;

E. For judgment and verdict against Defendants awarding exemplar or punitive damages as permitted by law;

F. For an award of pre- and post-judgment interest to the extent permitted by law;

G. For an award of costs and attorney's fees, including any costs and expenses expended in recovering on any judgment; and

H. For judgment and verdict against Defendants, jointly and severally, as permitted by law.

Respectfully Submitted,

Andrew Payne Norwood, ABA #2017107
Denton & Zachary, PLLC
600 S. German Lane, Suite 101
Conway, Arkansas 72034
Phone:    501-358-4999
Fax:      501-358-4737
Email:    andrew@dentonandzachary.com
*Attorney for Plaintiff*

EEOC Form 161 (11/16)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Nina S. Rodgers<br>44 Neal Cove<br>Bryant, AR 72022 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is* **CONFIDENTIAL** *(29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2018-00055 | Rodney E. Phillips,<br>Investigator | (501) 324-6473 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]        FEB 12 2018

Enclosures(s)       William A. Cash, Jr.,<br>Area Office Director       *(Date Mailed)*

cc:
| Karli Saracini<br>Director of Human Resources<br>NORTH LITTLE ROCK SCHOOL DISTRICT<br>2700 Poplar Street<br>North Little Rock, AR 72116 | Cody Kees<br>Attorney<br>BEQUETTE & BILLINGSLEY, PA<br>425 West Capitol, Suite 3200<br>Little Rock, AR 72211 |
|---|---|

**EXHIBIT A**