IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


NINA RODGERS                                                              PLAINTIFF

V.                             4:18CV00314 JM

NORTH LITTLE ROCK SCHOOL
DISTRICT, *et al*                                                          DEFENDANTS


# ORDER

Plaintiff filed suit against Defendants North Little Rock School District (the "District"), Robert Donaldson, and Michael Stone alleging sexual harassment under Title VII and the Arkansas Civil Rights Act ("ACRA") and the tort of outrage. She filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue. Defendants filed a Motion for Summary Judgment of Plaintiff's claims arguing that she cannot make a prima facie case of harassment because (1) the conduct alleged does not rise to the level of sexual harassment; (2) there was no adverse employment action; (3) the District took remedial action; and (4) her supervisors are not liable under Title VII. Defendants also contend that the undisputed facts of the case are insufficient to prove a tort of outrage claim under Arkansas law.

Plaintiff Nina Rodgers responded to the motion and has filed a motion to dismiss her claims against Defendants Donaldson and Stone and her tort of outrage claim. For the reasons set forth below, the Motion for Summary Judgment is granted, and Plaintiff's motion is denied as moot.

I. Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

II. Discussion

Plaintiff filed suit under Title VII of the Civil Rights Act of 1964 which does not prohibit "sexual harassment," but makes is it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The United States Supreme Court has found that sex discrimination under Title VII includes sexual harassment "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67 (1986).

Plaintiff contends that she was sexually harassed by her supervisor, Robert Donaldson, when Donaldson told two of Plaintiff's co-workers, Kimberly Wilson and Richard Walker, that "Nina ain't crazy, Nina just needs some dick." (Ex. 1 to Pl's Response, p. 68-72). Plaintiff learned about Donaldson's remark later from Kimberly Wilson. Plaintiff complained to Donaldson's supervisor, Michael Stone, about the remark on August 22, 2017. Stone considered the allegation serious and planned to start an investigation. One week later, Stone went on leave under the Family Medical Leave Act. While on leave, Stone contacted Donaldson about the allegation. Donaldson stated that he did not recall making the statement. Stone issued a written reprimand to Donaldson and required him to attend a one-on-one training about rights, roles, responsibilities and professionalism.

The investigation was eventually taken over by Karli Saracini of the District's Human Resources Department. Saracini met with Donaldson on September 22, 2017. She consulted with the District's legal counsel and sought approval from the Superintendent to engage an outside investigator to complete the investigation. A seven-month investigation revealed three

3

performance-based complaints against Donaldson and a retaliation claim by Kimberly Wilson. Wilson claimed that Donaldson was retaliating against her for repeating his inappropriate statement about Plaintiff.

On June 11, 2018, Kelly Rodgers, District Superintendent, recommended that Donaldson's employment with the District be terminated. After Donaldson was afforded due process before the School Board, he was terminated.

Plaintiff's Title VII and ACRA claims against Separate Defendants Donaldson and Stone must be dismissed because supervisors may not be held individually liable under Title VII. *Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103 (8th Cir. 1998). Only employers may be liable for sexual harassment under Title VII and ACRA.

To establish a prima facie sexual harassment/hostile work environment claim against her employer, the North Little Rock School District, Plaintiff must prove: "(1) that she was a member of a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and her membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action." *Anda v. Wickes Furniture Co., Inc.,* 517 F.3d 526, 531-532 (8th Cir. 2008) (quoting *Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 549-50 (8th Cir. 2007)). "To be actionable, the conduct complained of must be extreme in nature and not merely rude or unpleasant." *Nitsche v. CEO of Osage Valley Elec. Coop.*, 446 F.3d 841, 846 (8th Cir. 2006). "Allegations of a few isolated or sporadic incidents will not suffice; rather, the plaintiff must demonstrate the alleged harassment was 'so intimidating, offensive, or hostile that it poisoned the work environment.'" *Id.* (quoting *Tuggle v. Mangan*, 348 F.3d 714, 720 (8th Cir. 2003)).

After reviewing the record and drawing all reasonable inferences in favor of Plaintiff, the Court finds that Donaldson's conduct did not rise to the level of severe or pervasive enough to be actionable under Title VII. The Eighth Circuit requires extreme conduct over a considerable amount of time to rise to the level of a violation of Title VII. *See, e.g., Legrand v. Area Resources for Cmty. & Human Serv.,* 394 F.3d 1098 (8th Cir. 2005); *Duncan v. Gen. Motors Corp.,* 300 F.3d 928 (8th Cir. 2002). "Title VII does not prohibit all verbal or physical harassment in the workplace and is not a general civility code for the American workplace." *Hervey v. County of Koochiching,* 527 F.3d 711, 722 (8th Cir. 2008).

Further, the District took immediate action against Donaldson by reprimanding him in writing and requiring him to attend additional training. The District followed up by launching an external investigation and recommending Donaldson's termination. Plaintiff worked for the District for a year after the incident with Donaldson. She did not have any problems with him after she reported his behavior to the District. *See Scusa v. Nestle U.S.A. Co.*, 181 F.3d 958, 967 (8th Cir. 1999) ("An employer is not liable if it takes prompt remedial action which is reasonably calculated to end the harassment once the employer knew or should have known about the harassment.") The Court finds that there is no genuine issue of material fact as to whether the District promptly and adequately responded to Plaintiff's complaint. Plaintiff's Title VII and ACRA claims against the North Little Rock School District are dismissed.

Plaintiff's Complaint includes a claim against the Defendants for the tort of outrage. "The Arkansas courts take a very narrow view of claims for the tort of outrage." *Hamaker v. Ivy*, 51 F.3d 108, 110 (8th Cir. 1995). To establish a claim for outrage, a plaintiff must demonstrate the following elements: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme

and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *See Faulkner v. Ark. Children's Hosp.*, 347 Ark. 941, 69 S.W.3d 393 (2002). The Defendants' conduct was not extreme and outrageous and beyond all bounds of decency as required under Arkansas law. Plaintiff has failed to make a prima facie case of the tort of outrage.

In conclusion, Defendants' Motion for Summary Judgment (ECF No. 17) is GRANTED. Plaintiff's Motion to Dismiss (ECF No. 25) and Motions to Stay (ECF Nos. 32, 33) are DENIED as moot. The Clerk is directed to close the case. The trial scheduled for June 10, 2019 is cancelled.

IT IS SO ORDERED this 7th day of May, 2019.

_____
James M. Moody Jr.
United States District Judge